## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

| | |
|---|---|
| RANDY UNDERHILL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:21-cv-227 |
| LOCAL DATA RECOVERY, LLC; and CLINTON C. GRIFFIN, JR., | ) ) ) ) |
| Defendants. | ) ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, RANDY UNDERHILL ("Plaintiff"), by and through his attorneys, alleges the following against Defendants, LOCAL DATA RECOVERY, LLC and CLINTON C. GRIFFIN, JR. ("LDR" and "Griffin" respectively and "Defendants" collectively):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 ("FCCPA").

1

## JURISDICTION AND VENUE

3. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k FDCPA.

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. This court has supplemental jurisdiction over the state claims alleged herein pursuant to 28 U.S.C. § 1367 as they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this district are proper because Defendants do or transact business within this district, and a material portion of the events at issue occurred in this district.

## PARTIES

5. Plaintiff is a natural person residing in the City of Tallahassee, Leon County, State of Florida.

6. Plaintiff is a consumer as that term is defined by the FDCPA and the FCCPA.

7. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and the FCCPA.

8. Each Defendant is a debt collector as that term is defined by the FDCPA and the FCCPA.

9. LDR is a Georgia limited liability company and national collection agency based in the City of Atlanta, Fulton County, State of Georgia.

10. Griffin is a natural person and debt collector residing in the City of McDonough, Henry County, State of Georgia.

11. Defendants' business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. When an unpaid, outstanding account is placed with Defendants it is assigned a file number.

13. The principal purpose of Defendants' business is the collection of debts allegedly owed to third parties.

14. Defendants regularly collect, or attempt to collect, debts allegedly owed to third parties.

15. During the course of their attempts to collect debts allegedly owed to third parties, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendants acted themselves and through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

17. Employees can be held personally liable under the FDCPA. *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051 (C.D. Cal. 2009); see also, *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal 2008).

18. Most courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, members, or directors from personal liability under the FDCPA. See *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal. 2008); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008); *Teng v. Metro. Retail Recovery, Inc.*, 851 F. Supp. 61 (E.D.N.Y. 1994); *Del Campo v. Kennedy*, 491 F. Supp. 2d 891 (N.D. Cal. 2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F. Supp. 2d 615 (D. Utah 2005); *Albanese v. Portnoff Law Associates, Ltd.*, 301 F. Supp. 2d 389 (E.D. Pa. 2004); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848 (D. Ar. 1999); *Pikes v. Riddle*, 38 F. Supp2d 639 (N.D. Il. 1998); *Ditty v. CheckRite*, 973 F.Supp. 1320 (D. Utah 1997).

## *RANDY UNDERHILL v. LOCAL DATA RECOVERY, LLC*

19. LDR is attempting to collect a consumer debt from Plaintiff, allegedly originating from an unpaid HSBC account—a debt that Plaintiff does not owe.

20. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

21. In 2020, Plaintiff paid off a payment plan he entered into with LDR to pay off the alleged debt.

22. Plaintiff does not owe, and has never owed, a debt to HSBC.

23. Plaintiff did owe a debt to Credit One Bank, N.A. ("COB") though.

24. In connection with the payment plan, LDR misrepresented that Plaintiff was paying LDR to pay off the COB debt.

25. In connection with the payment plan, LDR threatened Plaintiff with a lawsuit and garnishment.

26. LDR has never intended to sue Plaintiff.

27. On or about December 3, 2020, Plaintiff received a paid-in-full letter from LDR with regard to the *HSBC* debt—a debt that Plaintiff never owed.

28. LDR misrepresented to Plaintiff that it was collecting the COB debt from Plaintiff.

29. Plaintiff paid LDR $1,041.00 for a debt that he does not owe.

30. Plaintiff has contacted LDR several times requesting a refund because he does not owe the HSBC debt.

31. LDR has refused to refund Plaintiff.

32. The natural consequences of LDR's statements and actions was to produce an unpleasant and/or hostile situation between LDR and Plaintiff.

33. The natural consequences of LDR's actions was to cause Plaintiff mental distress.

## *RANDY UNDERHILL v. CLINTON C. GRIFFIN, JR.*

34. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs 1-33. herein, with the same force and effect as if the same were set forth at length herein.

35. Griffin is the owner and principal of LDR.

36. At all relevant times, acting alone or in concert with others, Griffin has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of LDR, and its employees, including the acts and practices set forth in this Complaint.

## COUNT I:
## DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

37. Defendants violated the FDCPA based on the following:

   a. Defendants violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when LDR engaged in all of the harassing, oppressing, and abusive misconduct alleged above;

   b. Defendants further violated § 1692d of the FDCPA when they collected a debt from Plaintiff which Plaintiff does not owe;

   c. Defendants violated § 1692e of the FDCPA by their use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendants engaged in, at least, the following discrete violations of § 1692e;

   d. Defendants violated § 1692e(2)(A) of the FDCPA by their false representation of the character, amount, or legal status of any debt when LDR's collectors made empty threats to Plaintiff and misrepresented the debt that LDR was collecting on;

   e. Defendants violated § 1692e(2)(A) of the FDCPA when they collected

7

a debt from Plaintiff which Plaintiff does not owe;

f. Defendants violated § 1692e(4) of the FDCPA by their representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action when LDR's collector made empty threats to Plaintiff and misrepresented the debt that LDR was collecting on;

g. Defendants violated § 1692e(5) of the FDCPA by their threat to take any action that cannot legally be taken or that is not intended to be taken when LDR's collector made empty threats to Plaintiff and misrepresented the debt that LDR was collecting on;

h. Defendants violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when LDR engaged in, at least, all of the other discrete violations of § 1692e alleged herein;

i. Defendants violated § 1692f of the FDCPA by their use of unfair or unconscionable means to collect or attempt to collect any debt when LDR engaged in all of the misconduct alleged; and

    j. Defendants violated § 1692f(1) of the FDCPA by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law when LDR collected a debt from Plaintiff that Plaintiff does not owe.

WHEREFORE, Plaintiff, RANDY UNDERHILL, respectfully requests judgment be entered, both jointly and severally, against Defendants, LOCAL DATA RECOVERY, LLC and CLINTON C. GRIFFIN, JR., for the following:

38. Actual damages of not less than $1,041.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k

39. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k

40. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k, and

41. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANTS VIOLATED THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

42. Plaintiff repeats and realleges paragraphs 1-33 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

43. Defendants violated the FCCPA based on the following:

    a. Defendants violated § 559.72(7) of the FCCPA by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family when LDR engaged in all of the foregoing misconduct; and

    b. Defendants violated § 559.72(9) of the FCCPA by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist when LDR misrepresented the debt it was collecting on, made empty threats, and collected a debt from Plaintiff that Plaintiff does not owe.

WHEREFORE, Plaintiff, RANDY UNDERHILL, respectfully requests judgment be entered, both jointly and severally, against Defendants, LOCAL DATA RECOVERY, LLC and CLINTON C. GRIFFIN, JR., for the following:

44. Actual damages of not less than $1,041.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

45. Statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

46. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

47. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2); and

48. Any other relief that this Honorable Court deems appropriate.

                                    RESPECTFULLY SUBMITTED,

DATED: June 2, 2021        By: /s/ Shireen Hormozdi
                                        Shireen Hormozdi
                                        Florida Bar No. 0882461
                                        Hormozdi Law Firm, LLC
                                        1770 Indian Trail Lilburn Road, Suite 175
                                        Norcross, GA 30093
                                        Tel: 678-395-7795
                                        Fax: 866-929-2434
                                        shireen@agrusslawfirm.com
                                        shireen@norcrosslawfirm.com
                                        Attorney for Plaintiff