# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

RANDY UNDERHILL,

    *Plaintiff*,

v.                              Case No.:  4:21cv227-MW/MAF

LOCAL DATA RECOVERY, LLC,

    *Defendant.*

_____/

## ORDER GRANTING PLAINTIFF'S MOTION
## FOR DEFAULT JUDGMENT

On June 2, 2021, Plaintiff filed a two-count Complaint, bringing claims against Defendant under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692(d)-(f), and the Florida Consumer Collection Practices Act (FCCPA), section 559.72, Florida Statutes.  ECF No. 1.  Plaintiff claimed Defendant owed him a total sum of $1,041 in actual damages, as well as statutory damages available under FDCPA and FCCPA.  ECF No. 1 at 10.

Defendant Local Data Recovery LLC never filed an answer or other responsive pleading. Plaintiff moved for entry of a final default judgment against Defendant.  ECF No. 15.  By order on November 18, 2021, this Court held that Plaintiff had sufficiently pleaded the claims alleged in Counts I and II, granted Plaintiff's motion for default in part, and directed the Clerk to set an evidentiary hearing on the matter of damages. ECF No. 18. On January 18, 2022, this Court held

an evidentiary hearing on damages. This Court now **GRANTS** the remainder of Plaintiff's motion.

This Court finds that Plaintiff has established by a preponderance of the evidence that he is entitled to $1,041.00 in actual damages. Plaintiff testified that he paid $1,041.00 to Defendant under the belief that the funds would be used to pay off a debt he had with Credit One Bank. These funds were secured by Defendant through misrepresentations, were not applied by Defendant to Plaintiff's Credit One Bank debt, and were misapplied to a non-existent HSBC debt. In total, Plaintiff paid Defendant $1,041.00 for a debt he does not owe, and Defendant has refused to refund him.

FDCPA and FCCPA both also allow a Plaintiff to recover statutory damages up to $1,000 each. Both statutes direct the Court to consider the nature of the noncompliance, the frequency and persistence of the noncompliance, and the extent to which such noncompliance was intentional in determining what amount to award in statutory damages. Plaintiff testifies Defendant called him repeatedly, threatened to sue, and lied about the nature of his debt. This Court concludes that payment was secured by Defendant through misrepresentations, pressure, and scare tactics, and as such, awards Plaintiff $1,000 in statutory damages under FDCPA and $1,000 in statutory damages under FCCPA.

Finally, FDCPA and FCCPA requires a court to award a prevailing plaintiff "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3); § 559.77(2), Fla. Stat. Plaintiff has established that he is entitled to $3,785.50 in attorneys' fees, and $852 in costs. This court has determined that the attorney's rates are appropriate, and costs are compensable. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Default Judgment, ECF No. 15, is hereby **GRANTED**.
2. The Clerk shall enter judgment stating, "Plaintiff Randy Underhill is entitled to a default judgment against Defendant Local Data Recovery, LLC, in the amount of $1,041.00 in actual damages, $2,000.00 in statutory damages, $3,785.50 in attorneys' fees, and $852.00 in costs, for a total of $7,678.50."
3. The clerk shall close the file.

**SO ORDERED on January 20, 2022.**

s/Mark E. Walker          
**Chief United States District Judge**
